UNITED STATES of America,

v.

**Michael BUDDE, Appellant.**

**No. 02–2943.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit L.A.R. 34.1(a) Oct. 3, 2003.

Decided Oct. 8, 2003.

George S. Leone, Ricardo Solano, Jr., Sabrina G. Comizzoli, Office of United States Attorney, Newark, NJ, for Appellee.

Laurie M. Fierro, Hackensack, NJ, for Appellant.

Before RENDELL, WEIS and GARTH, Circuit Judges.

*OPINION*

WEIS, Circuit Judge.

Defendant pleaded guilty to importing more than three kilograms of a drug commonly called "ecstasy" in violation of 21 U.S.C. §§ 952(a), 960(b)(3), and 18 U.S.C. § 2. He was sentenced to 57 months incarceration, at the bottom of the applicable Guideline range of 57–71 months.

A co-defendant, Thomas Winkelmann, also received a sentence of 57 months. A

---

third defendant, Brigitte Fassler–Perez, was sentenced to time served, a much shorter period than those imposed on the other defendants.

In calculating the range under the Sentencing Guidelines, the District Court credited defendant with a two-level downward adjustment for a minor role. Defendant contends that because he was merely a courier and had little else to do with the smuggling, he should have been allowed an additional two-point reduction because he was only a minimal participant. If that adjustment had been made, the defendant's sentencing range would have been reduced to 46–57 months.

The District Court rejected the defendant's argument, pointing out that although as a courier he was a minor actor in the conspiracy, his role was not minimal. The Court also recognized the disparity between the defendant's sentence and that given to Fassler–Perez, but pointed out that the difference was the result of the motion for downward departure made by the United States Attorney's Office. The district judge acknowledged that the sentence was a harsh one that troubled her, but that she was required to follow the Guidelines.

Our role is also limited by those same Guidelines, and we can do nothing here in this case other than affirm the sentence imposed by the district judge. *See United States v. Castano–Vasquez,* 266 F.3d 228, 231 (3d Cir.2001); *United States v. Hunte,* 196 F.3d 687, 691, 694 (7th Cir.1999).

Accordingly, the judgment of the District Court will be affirmed.